UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TROY MILLS,

Plaintiff,

v. Case No: 8:19-cv-2721-JSS

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
___________________________________/

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motion for Entry of Judgment ("Motion") (Dkt. 29). The Government has not responded, and the time to do so has passed. The Motion, therefore, is deemed unopposed. In the Motion, Plaintiff requests that this Court enter judgment in light of the Eleventh Circuit Court of Appeals' "order remanding this matter to the District Court with instructions to enter judgment and remand the matter to the Commissioner." (*Id.* at 1.) Upon consideration, the Motion is granted.

Pursuant to sentence four of 42 U.S.C. § 405(g), the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). When a case is remanded under sentence four of § 405(g), the district court's jurisdiction over the

plaintiff's case is terminated. *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996); *Sullivan v. Finkelstein*, 496 U.S. 617, 625 (1990) (finding that a district court's order remanding under sentence four of § 405(g) "terminated the civil action challenging the Secretary's final determination that respondent was not entitled to benefits"). "Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand." *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993).

A remand under sentence four of § 405(g) "is based upon a determination that the Commissioner erred in some respect in reaching the decision to deny benefits." *Jackson*, 99 F.3d at 1095. Here, while Plaintiff's appeal was pending, the Commissioner filed an unopposed motion for remand, which was granted by the Eleventh Circuit Court of Appeals. (Dkt. 28 at 2.) The Eleventh Circuit Court of Appeals instructed this Court to "enter judgment and remand the matter to the Commissioner for the purpose of conducting further proceedings, as provided for by sentence four of 42 U.S.C. § 405(g)." (Dkt. 28 at 2.) Accordingly, it is **ORDERED**:

1. Plaintiff's Opposed Motion for Entry of Judgment (Dkt. 29) is **GRANTED**.
2. The Order dated January 19, 2021 (Dkt. 24) is **VACATED** to the extent that the Clerk was directed to enter judgment in favor of the Commissioner.
3. The Judgment (Dkt. 25) is **VACATED**.

4. The case is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.
5. The Clerk of the Court is directed to enter judgment in Plaintiff's favor, terminate all other pending motions, and close this case.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

**DONE** and **ORDERED** in Tampa, Florida, on December 9, 2021.

Copies furnished to:
Counsel of Record